IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HERMAN SINGLETON,**

*Plaintiff,*

*v.*

**DOUGLAS, INC., DOUGLAS EXPRESS**          CAUSE NO. 3:25-CV-678-CWR-LGI
**DELIVERY, LLC, DOUGLAS EXPRESS**
**DELIVERY EAST COAST, LLC, and**
**ABC CORPS.,**

*Defendants.*

## ORDER

Before the Court is Defendants' Douglas, Inc., Douglas Express, Inc., Douglas Express

Delivery, LLC, and Douglas Express Delivery East Coast, LLC (collectively, the "Douglas

Defendants") motion to strike allegations from Plaintiff Herman Singleton's complaint and

for Rule 11 sanctions. Docket No. 15. For the reasons discussed below, the motion is denied.

**I.      Factual and Procedural History**

Plaintiff Herman Singleton worked as a delivery driver for Douglass Express Delivery

between October 12, 2022, and February 21, 2024. While employed, Mr. Singleton asserts that

he experienced discrimination and witnessed unlawful conduct by management and

supervisors. More specifically, Mr. Singleton contends that his supervisor gave preference to

younger men with whom she wanted to engage in, or was engaging in, a sexual relationship.

He further alleges he was treated differently due to his race. After filing written and oral

complaints pertaining to his supervisor's behavior, he faced punishments such as being taken

off preferred routes and written up. Subsequently, Mr. Singleton was terminated by the Vice

President and Chief Operating Officer.

Mr. Singleton filed an EEOC charge of discrimination on July 3, 2024, alleging Title VII violations by Defendants. Docket No. 22-1. On September 8, 2025, he sued for race discrimination, age discrimination, and retaliation. Docket No. 1. The Douglas Defendants then filed a motion to strike paragraphs 39-45 from the complaint on October 29, 2025, asserting that these paragraphs contain scandalous allegations in violation of Federal Rule of Civil Procedure 12(f). Docket No. 15. The Douglas Defendants also request Rule 11 sanctions for including scandalous allegations in the complaint and request reasonable attorneys' fees for filing the present motion. *Id.*; Docket No. 16. Mr. Singleton, in turn, requests attorneys' fees under the fee-shifting provision of Rule 11(c).

## II.    Legal Standards

### A.  Motion to Strike

Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court should not strike challenged portions of a complaint because they "offend the sensibilities" of the objecting party. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (cleaned up) (citation omitted). An allegation should be stricken only if it possesses "no possible relation to the controversy," which is a remedy used "sparingly" by the Court. *Id.* (citations omitted). If an allegation is "relevant" and "minimally supported in the record[,]" it should not be stricken. *Id.* at 830 (citation omitted). It is ultimately within the Court's broad discretion to decide whether to strike. *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017) (citation omitted).

2

### B. Motion for Sanctions

A motion for sanctions is appropriate when a party finds that Federal Rule of Civil Procedure Rule 11(b) has been violated. *See* Fed. R. Civ. P. 11(c). Federal Rule of Civil Procedure 11(b)(1) prohibits pleadings from "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Under Rule 11(b)(3), "factual contentions [must] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Additionally, a motion for sanctions under Rule 11(c) "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id*. Movants must strictly adhere to this procedure. *See In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) ("[W]e have continually held that strict compliance with Rule 11 is mandatory.") (citations omitted). Rule 11(c)(2) also contains a fee-shifting provision, allowing the court to award reasonable attorneys' fees to the prevailing party. *See Copart of Conn., Inc. v. City of Canton*, No. 3:23-CV-192-HTW-LGI, 2026 WL 1602925, at *3 (S.D. Miss. June 4, 2026) ("Federal Rule of Civil Procedure 11(c)(2) explicitly authorizes a court to award to the prevailing party the reasonable expenses and attorney's fees incurred in presenting or opposing the motion for sanctions.").

### III.   Discussion

#### A. Motion to Strike

The Douglas Defendants seek to strike paragraphs 39-45 of the complaint under Rule 12(f).[1] Docket No. 16 at 1 (describing these paragraphs as "scandalous and wholly unsupported allegations"). In those paragraphs, Mr. Singleton alleges that his supervisor had sexual relationships with certain employees, and he provides the names of all those involved. The Douglas Defendants argue that identifying these individuals, who are not parties to the case, is "baseless, gratuitous, and sordid … and serve[s] only to attempt to publicly humiliate and defame." *Id*. at 3. As support for their motion, the Douglas Defendants provide affidavits sworn under oath from the supervisor and employees who are the subject of these allegations, stating they did not have any sexual involvement with Mr. Singleton's supervisor. Docket Nos. 15-1 – 15-6.

"Scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Bailey Lumber & Supply Co. v. Georgia-Pac. Corp.*, No. 1:08-CV-1394-LG-JMR, 2010 WL 1141133, at *5 (S.D. Miss. Mar. 19, 2010) (citations omitted). But "[p]leadings are not scandalous for Rule 12(f) purposes merely because they offend the sensibilities of the plaintiff if they 'are directly relevant to the controversy at issue and are minimally supported in the record.'" *Brown v. Hernando Mun. Ct.*, No. 3:24-CV-00359-MPM-RP, 2025 WL 3094804, at *9 (N.D. Miss. Nov. 5, 2025) (quoting *Coney*, 689 F.3d at 380). The

---

[1] These are mere, unproven allegations at this point, and the burden is on Mr. Singleton to prove these allegations throughout the course of litigation.

4

decision to grant the Douglas Defendants' motion, thus, turns on whether the allegations in paragraphs 39-45 are relevant to the controversy.

Mr. Singleton's complaint raises three causes of action: retaliation,[2] race discrimination, and age discrimination. He asserts that his supervisor gave preferential treatment to "younger men with stereotypically preferred masculine characteristics." Docket No. 1 at 4-5. Mr. Singleton also noted in his EEOC charge of discrimination that he was replaced on his preferred route by a coworker who was "involved with [his supervisor]." Docket No. 22-1 at 1. In response to this EEOC charge, the Douglas Defendants referenced that Mr. Singleton "publicly voiced and submitted in writing unfounded allegations towards a female supervisor" as a reason to fire him. Docket No. 24-1 at 1; Docket No. 1 at 6. Mr. Singleton mentions, or at least alludes to, his supervisor's untoward relationships in both his EEOC charge and the complaint in this matter, so the Court finds that paragraphs 39-45 "are directly relevant to the controversy at issue and are minimally supported in the record." *Brown*, 2025 WL 3094804, at *9 (quoting *Coney*, 689 F.3d at 380).

Though the allegations may reflect poorly on these non-parties, and may even be salacious, the Douglas Defendants have not met the high bar to strike part of a pleading under Rule 12(f). *See Fulgham v. Evans*, No. 3:19-CV-61-CWR-FKB, 2022 WL 2111959, at *1 (S.D. Miss. June 10, 2022) ("[T]he Courts should not tamper with the pleadings unless there is a strong reason for doing so. [E]ven a properly made motion to strike is a drastic remedy which is

---

[2] Mr. Singleton's retaliation claim is grounded "in protected activity by opposing (or was perceived as opposing) what he reasonably believed to be discrimination based on sex, race, and/or age." Docket No. 1 at 7.

disfavored by the courts and infrequently granted.") (citations and quotation marks omitted). The Douglas Defendants' motion to strike is denied.

### B. Motion for Sanctions

The Douglas Defendants also request Rule 11 sanctions, arguing there was neither a factual basis nor a reasonable purpose for including the sexual allegations in the complaint. Docket No. 16 at 4 (discussing that a "basic inquiry would have raised red flags that at the very least would have deterred the reasonable practitioner from including such unnecessarily graphic allegations . . . and from needlessly identifying anyone by name"). Federal Rule of Civil Procedure 11(b) requires counsel to certify that a motion is not "presented for any improper purpose, such as to harass" and requires "the factual contentions [to] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1), (b)(3). Under Federal Rule of Civil Procedure Rule 11(c), a motion for sanctions is appropriate when Rule 11(b) has been violated. Fed. R. Civ. P. 11(c). The Court finds no Rule 11(b) violation, so the Douglas Defendants' request for sanctions and attorneys' fees is denied.

Under Rule 11's fee-shifting provision, Mr. Singleton seeks reasonable attorneys' fees. Docket No. 21 at 4. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."). Mr. Singleton argues that attorneys' fees should be awarded because the Douglas Defendants "fail[ed] to comply with the safe harbor provision of Rule 11." Docket No. 21 at 4. The safe harbor provision under Rule 11(c)(2) mandates that the movant must provide the non-movant notice of sanctions and an opportunity to cure 21 days before filing a motion for sanctions with the court. *See* Fed. R. Civ. P. 11(c)(2). "The twenty-one day safe-harbor

6

provision is mandatory." *McCrae L. Firm, PLLC v. Gilmer*, No. 3:17-CV-704-DCB-LRA, 2018 WL 283774, at *4 (S.D. Miss. Jan. 3, 2018) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)).

The Douglas Defendants sent a letter to Mr. Singleton's counsel on October 3, 2025, notifying him that if Mr. Singleton "proceed[s] with service of the complaint in its current form" that they will "pursue Rule 11 sanctions, including attorneys' fees and costs, and will move to strike the scandalous matter [i.e., paragraphs 39-45 of the complaint]." Docket No. 15-7 at 2. On October 29, 2025, more than 21 days after the Douglas Defendants put Mr. Singleton's counsel on notice, the Douglas Defendants filed a motion to strike and for sanctions. The Douglas Defendants' action did not strictly comply with Rule 11(c). Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). But the Court does not find the Douglas Defendants' failure to adhere to the procedural requirements of Rule 11(c) as grounds for granting Mr. Singleton reasonable attorneys' fees. *See* Fed. R. Civ. P. 11(c)(2) (requiring attorneys' fees to be "warranted"). The Douglas Defendants provided notice, albeit not procedurally compliant notice, and their motion for sanctions was not frivolous, even though the Court denies it. *See Hoffman v. Bailey*, No. 13-5153, 2017 WL 1494495, at *4 (E.D. La. Apr. 26, 2017) (denying granting attorneys' fees to the nonmovant, even though the nonmovant was the prevailing party). Mr. Singleton's request for attorneys' fees under the fee-shifting provision of Rule 11(c)(2) is denied.

**IV.    Conclusion**

The Douglas Defendants' motion to strike and for sanctions, Docket No. 15, is denied.

Mr. Singleton's request for attorneys' fees under the fee-shifting provision of Rule 11(c) is

denied.

**SO ORDERED**, this the 11th day of August, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE